THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE ANGEL GABRIEL GARCIA,

Plaintiff,

v.

CAROLINAS MEDICAL CENTER, *et al.*,

Defendants.

CASE NO. C17-0158-JCC

ORDER OF DISMISSAL

This matter comes before the Court on Defendants' motions to dismiss (Dkt. Nos. 20, 22) and Plaintiff's motions to amend (Dkt. Nos. 26, 32.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Defendants' motions and DENIES Plaintiff's motions for the reasons explained herein.

Plaintiff Jose Angel Gabriel Garcia alleges a violation of the Fair Credit and Reporting Act (FCRA) against Defendants Carolinas Medical Center and Medical Data Systems. (Dkt. No. 1-1 at 2.) Plaintiff seems to claim that Defendants have been violating the FCRA since 2012 by using "false and misleading information in credit reports in order to deny [him] credit, loans, and other financial services." (Dkt. No. 1-2 at 1.) He claims that purported violations "resulted in the loss off [his] leg due to homelessness during April 2014 to October 2014." (Dkt. No. 1-1 at 3.) He also seems to believe that Defendants intended to "exterminate" him. (Dkt. No. 1-2 at 2.)

Defendants moved to dismiss the claims, arguing Plaintiff fails to state a claim and that any claims alleged are time barred. (Dkt. Nos. 20, 22.) In response, Plaintiff has filed an opposition and two motions to amend. (Dkt. Nos. 25, 26, 32.) His opposition and motions do not allege any new, relevant facts with specificity as is required. For example, he puzzlingly alleges that Goldman Sachs and AIG International are "about to enter into the biggest merger in the history of the U.S." in order to "gain immunity against federal regulators." (Dkt. No. 25 at 1.) In a letter to the Court, he also claims that "the people of the State of North Carolina," which presumably includes Defendants, are "entering in a conspiracy with the people of other states to undermine the economy of the State of Washington." (Dkt. No. 10 at 1–2.)

The Court concludes that Plaintiff's filings are replete with conclusory allegations and lack the specificity required. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although *pro se* parties like Plaintiff are "held to less stringent standards than formal pleadings drafted by lawyers," *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010), *pro se* litigants "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Plaintiff's complaint and proposed amendments fail to state a claim upon which relief can be granted. Plaintiff has not alleged a cognizable legal theory against either Defendant because he fails to allege coherent and specific facts that give rise to a claim. Moreover, the proposed amendments would be futile. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Therefore, the Court GRANTS Defendants' motions to dismiss (Dkt. Nos. 20, 22) and DENIES Plaintiff's motions to amend (Dkt. Nos. 26, 32). Plaintiff's claims are DISMISSED without prejudice. The Court directs the Clerk to CLOSE the case.

//

DATED this 16th day of August 2017.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE